OF THE

## TERRITORY OF ARIZONA

DURING THE YEAR 1903

---

[Civil No. 807.   Filed March 20, 1903.]

[71 Pac. 910.]

PETER R. BRADY, JR., et al., Defendants and Plaintiffs in Error, v. COUNTY OF PINAL, Plaintiff and Defendant in Error.

1. APPEAL AND ERROR—RECORD—RULES OF SUPREME COURT.—There is such a failure to comply with the supreme court rules as to warrant a refusal to consider questions presented for review, where there is no abstract of record, bill of exceptions, statement of facts, or proper transcript of the record filed, and the only papers before the court besides the briefs of counsel, are the original papers in the case, together with the minute entries and the reporter's transcript of the testimony.

2. SAME — ASSIGNMENT OF ERROR — GROUNDLESS.—An assignment of error that "The court erred in overruling defendant's demurrer which alleged, among other things, a defective nonjoinder of parties defendant," is groundless, where it appears from the pleadings that no demurrer was filed, but that by answer the point was raised.

3. SAME— PLEADING—AMENDMENT UPON TRIAL — DISCRETIONARY — REVIEW—ABUSE OF DISCRETION.—The refusal to allow an amendment to the pleadings near the close of the trial of the case is a matter clearly within the discretion of the court, and its ruling will not be disturbed on appeal, unless it appears that such discretion has been abused.

(114)

4. JUDGMENT—BAR—DIFFERENT PARTIES—ANOTHER CAUSE OF ACTION.—
A judgment in an action based upon a bond given to secure the
county for another and distinct term of office of the defendant
as treasurer, though for the same office, would not be a bar to
a subsequent action on a different bond given by the same official
for a separate and distinct term, the parties in the latter action
and the cause of action being different.

5. COUNTY—NAME—BOND—COUNTY TREASURER—BRADY v. TERRITORY,
7 ARIZ. 12, 60 PAC. 698, FOLLOWED.—"Pinal County" and "County
of Pinal" are used interchangeably in the statutes, and either form
is a sufficient legal description.

6. OFFICE AND OFFICERS—BOND—TO TERRITORY—JOINT AND SEVERAL—
PROPER FORM.—A county treasurer's bond running not to the
county, but to the territory of Arizona, and being joint and several,
is proper in form.

ERROR to the District Court of the Second Judicial District in and for the County of Pinal. F. M. Doan, Judge.
Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Plaintiff in Error.

The plea of *res adjudicata* may be pleaded at any time
before definitive judgment. But it must be pleaded; it cannot
be supplied by the court. If it is pleaded in the supreme
court, the cause will be remanded at the prayer of the other
party for a trial on that plea. *Williams* v. *Bethany,* 1 La.
315; *Chew* v. *Keane,* 2 La. 120; *Palmer* v. *Yarborough,* 10
La. 167.

J. E. O'Connor and Robert E. Morrison, for Defendant in
Error.

KENT, C. J.—This was an action brought by the county
of Pinal, the defendant in error, upon the official bond of
Peter R. Brady, Jr., as treasurer of the county, and the
sureties on his bond, to recover the sum of $5,190.80 as
damages to the county for the failure of the treasurer to turn
over such sum to his successor in office. The defendants
interposed a general demurrer, which was overruled by the
court, and a trial was had upon the plea of the general issue
and certain specific defenses, and a judgment rendered for
plaintiff, which is brought here for review by the defendants
upon a writ of error.

The condition of the record in this case would amply warrant the court in refusing to consider the questions brought here for review. There is no abstract of the record, bill of exceptions, statement of facts, or proper transcript of the record filed. The only papers we have before us, besides the briefs of counsel, are the original papers in the case, together with the minute entries and the reporter's transcript of the testimony. This is not a compliance with the rules of the court as they have existed with respect to appeals or writs of error.

The assignments of error set forth in the brief, of which there are twenty-two, nearly all fail to comply with the rules of the court requiring a statement of the grounds of the error complained of. As we have, since the submission of this cause, adopted new rules, under the provisions of which it would not seem possible for counsel to be misled hereafter as to the requirements of a proper record to be presented for our consideration, we have determined in this instance to undertake the labor of an examination of the original papers and of the testimony, to ascertain if error has been committed as alleged, where, by an application of the most liberal construction of the rules, the assignments of error make it possible for us to do so.

The first error assigned is in the following terms: "The court erred in overruling defendants' demurrer which alleged, among other things, a defective nonjoinder of parties defendant." An examination of the original pleadings interposed by the various defendants discloses the fact that no demurrer was interposed by any defendant on this ground, and an examination of the brief of the counsel for the plaintiffs in error and the answers in the case shows that the question involved was raised by answer, and not by demurrer, and that it could not have been raised except by answer, since it related to matters not set up in the complaint.

The second, third, and fourth errors assigned are that the court erred in not dismissing the complaint as to certain defendants, the ground, as we gather from the brief, being that these defendants withdrew from the bond, and were released from liability thereby. We are not referred to any testimony in the case which shows that the defendants did in fact withdraw, and an examination of the reporter's tran-

script justifies our conclusion that no such evidence of any withdrawal as is required by the statute was given.

The fifth assignment of error is based upon the second, third, and fourth, and falls with them.

The sixth assignment of error is that the court erred in not allowing the defendants to file an amended answer during the trial of the case. An examination of the stenographer's minutes shows that application to file the amended answer was made near the close of the trial of the case, and was denied. The allowance of an amendment to the pleadings at that stage of the trial was a matter clearly within the discretion of the court, and its ruling will not be disturbed on appeal, unless it appears that such discretion has been abused. The amendment desired was an allegation setting up that a judgment in another action was a bar to a recovery in this action. We find among the original papers in the case what we presume is the amended answer which the defendants desired to interpose. This answer seems to show that the judgment referred to was not a judgment rendered against all the defendants hereto, but a judgment in an action based on another bond given to secure the county for another and distinct term of office of the defendant as treasurer, though for the same official. The parties were not the same, nor the cause of action the same. We have not the judgment-roll in the action sought to be thus made a bar before us, nor is the record preserved in a bill of exceptions or otherwise, but from the allegations in this amended answer and the remarks of the court and counsel upon the offer of the amended answer, and the subsequent offer of the judgment-roll itself in evidence, as shown by the stenographer's minutes, we think the judgment was not a bar, and that the court did not err in refusing in its discretion to allow the amendment, or, as alleged in the seventeenth assignment of error, in subsequently refusing to receive the judgment-roll in evidence. The record is not before us, and we cannot predicate reversible error in this regard upon the suggestions of counsel in their brief.

The next assignment of error referred to in the brief is the eighth. The error assigned is: "The court erred in allowing the plaintiff to offer in evidence the bond of the county treasurer." The objection made, as we gather from the brief, is that the bond is void, inasmuch as it is a bond

given to the "County of Pinal," and not to "Pinal County," and that the latter is the official name, and that there is no such body politic or corporate as the "County of Pinal." We have held that there is no express provision of the statute requiring that the name shall be "Pinal County," and the two forms "Pinal County" and the "County of Pinal" are used interchangeably in the Civil and Penal codes. *Brady v. Territory*, 7 Ariz. 12, 60 Pac. 698. An examination of the complaint, which contains what the court found to be a copy of the bond, shows, moreover, that this bond was not a bond given to the county of Pinal or to Pinal County, but that the bond ran to the territory of Arizona, and was joint and several. Such a bond was proper in form.

None of the other assignments of error, with the most liberal construction, can be said to come within the rules, nor are they referred to in the brief. We do not, therefore, consider them.

We find no error in the record, and the judgment is affirmed.

Sloan, J., and Davis, J., concur.