[Civil No. 1028.   Filed March 27, 1908.]

[95 Pac. 119.]

## A. SANDOVAL and P. SANDOVAL, Defendants and Appellants, v. EPES RANDOLPH, Plaintiff and Appellee.

1. PLEADING—OBJECTIONS TO PLEADINGS—WAIVER—FAILURE TO DEMUR.—Where no general demurrer was interposed to the complaint in the trial court prior to the trial, no error was committed in permitting the case to go to trial.

2. APPEAL—RECORD—OBJECTIONS TO PLEADINGS.—Where the record on appeal discloses that the complaint is not sufficient to support a judgment, the judgment rendered thereon constitutes fundamental error, for which the judgment will be reversed in the appellate court, though the point is not raised by appellant.

3. ACTION—NATURE OF ACTION—FRAUD OR MONEY RECEIVED—COMPLAINT.—A complaint charged that defendants agreed as agents for plaintiff to buy a certain mine at the lowest possible price, that defendants as such agents purchased the mine, and with intent to deceive and defraud claimed to have paid therefor $20,000 in American gold, when, in fact, they only paid $20,000 in Mexican silver, and that plaintiff, relying on defendants' statements, paid defendants $20,000 in American gold for a conveyance of the mine; that at the date when defendants paid the sum of $20,000 in Mexican silver to the owners of the mine such amount was worth $9,600 American gold, and no more, by reason of which defendants became indebted to plaintiff in the sum of $10,400 gold, no part of which they had paid, though often requested so to do. Held, that the complaint stated a sufficient cause of action for money had and received, and not an action for damages for fraud, and that the allegations of fraud should be therefore rejected as surplusage.

4. VENUE—TRANSITORY ACTION—MONEY RECEIVED.—An action against certain agents for money had and received is transitory, and may be brought in any jurisdiction where the defendants can be served with process.

5. PLEADING—AMENDMENT—DISCRETION.—It is within the sound discretion of the trial court to permit or refuse an amendment to the pleadings after the trial has begun.

6. APPEAL—DISCRETION—REVIEW.—Refusal of the trial court to permit a trial amendment in the exercise of discretion will not be reviewed on appeal, unless it is plainly shown that the court's discretion has been abused.

7. LIMITATION OF ACTIONS—LAWS OF 1903, No. 16, OF ARIZ. CONSTRUED—RELIEF FROM FRAUD—STATUTES—APPLICATION.—Laws of 1903, No.

16, barring actions to obtain relief from fraud' after one year from the discovery of the acts constituting the fraud, applies only to actions to obtain equitable relief, based wholly on fraud and in which no relief can be granted unless fraud is proved, and has no application to an action for money had and received against plaintiff's agents to compel a return of money furnished to them which they had not used for the purpose intended.

8. APPEAL—REVIEW—PREJUDICE.—Defendants were not prejudiced by the court's refusal to permit a trial amendment pleading limitations, where the action was not barred under the statute sought to be pleaded.

9. SAME—FINDINGS.—The supreme court will not disturb findings of fact of the trial court based on conflicting evidence, where they are supported by any substantial testimony.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Santa Cruz. Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

A. Orfila, and Eb. Williams, for Appellants.

If the appearance of the defendants by their demurrer and answer be construed to confer jurisdiction upon their persons, it does not confer jurisdiction of the subject matter, especially where the objection is pointed out in their demurrer, and even if they were to consent, jurisdiction would not be conferred; and again, if it appears from the record that the court is without authority to take cognizance of the subject matter of the suit, jurisdiction is not conferred by failure to demur; and if the objection is not raised by the parties, it becomes the duty of the court to take notice of the want of jurisdiction of its own motion, and where no jurisdiction of the subject matter exists, the appellate court cannot properly consider any other question raised. 6 Ency. of Pl. & Pr. 374; 8 Ency. of Pl. & Pr. 173; 12 Ency. of Pl. & Pr. 190. When for any cause a court has no jurisdiction of the subject matter of an action, neither an appearance and consent by the parties, nor pleadings to the merits and going to trial will give jurisdiction. 12 Am. & Eng. Ency. of Law, 1st ed., 301, and numerous cases therein cited. Want of jurisdiction either of the person or subject matter appearing on the face of the record can be taken advantage of at any time and in any court, where the conclusiveness of the judgment or decree is

the subject of judicial inquiry. *Wall* v. *Wall,* 123 Pa. 545, 10 Am. St. Rep. 549, 16 Atl. 598. The court abused its discretion in denying defendant's application for leave to amend their answer by setting up the statute of limitations. See Rev. Stats. 1901, par. 1288; Bliss on Code Pleading, sec. 430. Courts are more liberal to the defendants in regard to the time when amendments should be made, for the reason that the plaintiff may have a nonsuit, and bring a new action, while the defendant would forever lose the benefit of his defenses, and it was so held for the same reason at common law. Story's Equity Pleading, secs. 897-905. "Statutes of amendments are remedial in character, and are to be construed and applied liberally in favor of the privilege of amending." *Perrin* v. *Mallory Commercial Co.,* 8 Ariz. 407, 76 Pac. 476; *Consolidated Canal Co.* v. *Peters,* 5 Ariz. 80, 46 Pac. 74. Section 1288 of the Revised Statutes of Arizona uses the language, "at any stage of the action," which means the same as "on" the trial. And "on" the trial means before the close of it. *Franklin Fire Ins. Co.* v. *Findlay,* 6 Whart. 483; 37 Am. Dec. 430.

Eugene S. Ives, S. L. Pattee, and S. V. McClure, for Appellee.

The limitation attempted to be invoked has no application in this case. This action is based upon a violation of a duty which the agents owed to their principal, the gravamen of which is the breach of the contract of agency. An intent to deceive, though unnecessarily alleged, is wholly immaterial. The foundation of the action is the rule of law that an agent may not profit by dealing with the subject matter of the agency, and if he does so, the profit belongs to the principal, regardless of the intent or motive of the agent. *Bain* v. *Brown,* 56 N. Y. 285; *Crump* v. *Ingersoll,* 44 Minn. 84, 46 N. W. 141; *Rorebeck* v. *Van Eaton,* 90 Iowa, 82, 57 N. W. 694. This rule is stated and the authorities compiled in 1 American and English Encyclopedia of Law, second edition, 1071-1073. An action for relief on the ground of fraud must be based wholly on fraud, in order that the running of the statute of limitations may date from the discovery of the fraud. The statute has no application to an action based on a violation of a duty imposed by contractual relations, or to a case where the fraud is merely collateral to the cause of action, or where the cause of action is complete without fraud,

notwithstanding unnecessary averments of fraud in the complaint.   25 Cyc. 1183; *Frishmuth* v. *Farmers' Loan & Trust Co.,* 107 Fed. 169, 46 C. C. A. 222; *Seitz* v. *Seitz,* 59 App. Div. 150, 69 N. Y. Supp. 170.

If a defendant be served with process within the territorial jurisdiction of a court of general jurisdiction, which has jurisdiction of causes of action of a transitory character, the power of the court to proceed to adjudication is unquestioned, irrespective of the residence of the parties, except in the few cases, not here involved, where jurisdiction may be declined in the exercise of discretion, and regardless of where the cause of action arose.   *McKenna* v. *Fisk,* 1 How. (U. S.) 241, 248, 11 L. Ed. 117; *East Tennessee etc. R. R. Co.* v. *Kennedy,* 83 Ala. 462, 3 Am. St. Rep. 755, 3 South. 852; *Allen* v. *Caspari,* 80 Me. 234, 6 Am. St. Rep. 178, 14 Atl. 12; 12 Ency. of Pl. & Pr. 137 and notes.   And even where both parties are nonresidents and the cause of action arises out of the jurisdiction, the court has jurisdiction if the cause of action is transitory in its nature.   And jurisdiction of the person may be acquired by service of process within the territorial jurisdiction of the court.   *Roberts* v. *Dunsmuir,* 75 Cal. 203, 16 Pac. 782; *Roberts* v. *Knight,* 7 Allen, 449; *Cofrode* v. *Circuit Judge,* 79 Mich. 332, 44 N. W. 623, 7 L. R. A. 511; *Eingartner* v. *Illinois Steel Co.,* 94 Wis. 70, 59 Am. St. Rep. 859, 68 N. W. 664, 34 L. R. A. 503; 12 Ency. of Pl. & Pr. 145.   That the right to be sued in any particular county or district is a mere personal privilege of the defendant, which does not go to the jurisdiction of the court over either the subject matter or the person of the defendant, is well settled.   *Central Trust Co.* v. *McGeorge,* 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; *Southern Express Co.* v. *Todd,* 56 Fed. 104, 5 C. C. A. 432; *Grove* v. *Grove,* 93 Fed. 865, 870; *Masterson* v. *Cunniff,* 58 Tex. 472; *Willis* v. *White* (Tex. Cr. App.), 29 S. W. 818; *Gulf C. & S. F. Ry. Co.* v. *Foster* (Tex. Cr.), 44 S. W. 198; 22 Ency. of Pl. & Pr. 815.   Such objection is not presented by a demurrer on the ground that the court has not jurisdiction of the person of the defendant.   Such a demurrer presents only the question whether a defendant is such a person as can be subjected to the jurisdiction of the court, and not whether the suit is brought in the wrong county.   *Reynolds* v. *La Crosse etc. Co.,* 10 Minn. (144) 178; *Robinson* v. *National Stock Yard Co.,* 12 Fed. 361, 20 Blatchf. 513; *Sanipoli* v. *Pleasant Valley Coal Co.,* 31 Utah, 114, 86 Pac. 865; *Con-*

*tinental etc. Co.* v. *Jones,* 31 Utah, 403, 88 Pac. 229. The objection that the suit was brought in the wrong district or county, being a mere personal privilege of the defendant, may be waived, and is waived by a general appearance or by answering to the merits. *Southern Express Co.* v. *Todd,* 56 Fed. 106; *St. Louis etc. Ry. Co.* v. *McBride,* 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; *Hodge* v. *Sawyer,* 85 Me. 285, 27 Atl. 153. A demurrer on the ground that the court has no jurisdiction of the person of the defendant is in itself a general appearance. *Reynolds* v. *La Crosse etc. Co.,* 10 Minn. (144) 178.

DOAN, J.—An action was brought in the district court of Santa Cruz county by the appellee against the appellants for a sum of money alleged to have been paid by the appellee and his assignor, L. Lindsay, to the appellants, for the purchase of the San Francisco mine, in the state of Sonora, Republic of Mexico, by the appellants as the agents of the appellee and his assignor, Lindsay. From a decision for the plaintiff, the defendants appealed.

The facts found by the trial court, before whom the case was tried without a jury, are as follows: "In or about the spring of 1905 the defendants A. Sandoval and P. Sandoval entered into a certain agreement with the plaintiff and one Lycurgus Lindsay, whereby the defendants agreed that they, on behalf of the said plaintiff and the said Lindsay, would undertake to purchase for them a certain mining claim called the 'San Francisco mine,' in the Altar mining district, in the state of Sonora, Republic of Mexico, at the lowest possible price. Thereafter the said defendants, in pursuance of such agreement, and on behalf of the said Lindsay and this plaintiff, did purchase the said mining claim from the owners thereof for the full consideration of $20,000, Mexican silver, and that the defendant P. Sandoval, as copartner of the defendant, A. Sandoval, did thereupon obtain a deed of the said mining claim from the original owners thereof, and did pay therefor the sum of $20,000, Mexican silver, and no more; and the said defendants did thereupon, and in further pursuance of said agreement, procure the said P. Sandoval to convey the said mining claim to one H. S. MacKay, who was the agent of the plaintiff and of the said Lindsay; and the said Lindsay and the plaintiff in pursuance of said agreement, and in the belief that the defendants had paid for the said

mine the said sum of $20,000, American gold, did pay to the defendants the said sum of $20,000, American gold. The plaintiff and the said Lindsay paid the said sum of $20,000 in gold in three separate installments, the last thereof being paid on the twenty-fifth day of May, 1906, in the sum of $12,000, American gold. The said sum of $20,000 Mexican silver paid by the defendants to the original owners of the said mining claim was worth in American gold the sum of $10,000 at the time the said payments were made. The said Lycurgus Lindsay prior to the commencement of this action duly assigned his claim against the defendant arising out of the aforesaid transaction to the plaintiff for a valuable consideration.''

The first error assigned by the appellant is that the complaint does not state facts sufficient to constitute a cause of action, and is subject to a general demurrer. No general demurrer was interposed in the lower court prior to the trial; hence no error was committed by the trial court in permitting the case to come to trial. It would be error to render a judgment on a complaint so fatally defective as to be insufficient to support a judgment, but such error is not assigned. However, if the record should disclose that the complaint was not sufficient to support a judgment, the rendition of a judgment thereon would constitute fundamental error as manifest in the record, and the judgment would be reversed in the appellate court, even if the point was not raised by the appellant. It is urged by the appellant that this is an action for fraud, and, inasmuch as the complaint does not contain the allegations of facts constituting fraud that are essential in a complaint for fraud, it fails for that reason to state facts sufficient to constitute a cause of action. We cannot agree with the counsel for the appellant that the action is one of fraud. It is true that the complaint contains the words ''with intent to deceive and defraud,'' but, in addition to this charge, the complaint alleges (omitting the part not pertinent to this question) : ''The defendants agreed, as agent for Lindsay and the plaintiff, . . . to buy a certain mine for the use and benefit of the said Lindsay and the plaintiff at the lowest possible price. . . . That thereafter . . . the said defendants did . . . as agents as aforesaid . . . purchase said claim . . . and pay therefor the sum of $20,000, Mexican silver, . . . and the owners of said claim did . . . convey the said claim to the defendants . . . and the said conveyance was accepted by the

said defendants for the use and benefit of the said Lindsay and the plaintiff. . . . That the defendants . . . did report to Lindsay and the plaintiff that they had agreed to pay the owners of said mine $20,000 American gold therefor, and said sum was the lowest sum for which they could purchase the same from said owners, and that Lindsay and the plaintiff, relying upon said statements of defendants, did pay to the said defendants the sum of $20,000, American gold. . . . That at the date when the defendants paid the said sum of $20,000 Mexican silver to the owners of said 'claim the said $20,000 Mexican silver was worth the sum of $9,600, gold, and no more, and that, by reason of the foregoing facts, the defendants became indebted to the said Lindsay and the plaintiff in the sum of $10,400, gold, and that they have not paid the same, or any part thereof, though often requested so to do.'' The facts thus alleged in the complaint are sufficient to constitute a cause of action without the necessity of alleging fraud. That being the case, the allegation of fraud that the appellant characterizes as defective and insufficient having been pleaded as matter of inducement only is immaterial, and may be treated as surplusage, and the complaint, independent thereof, is fully sufficient to sustain an action of debt for money had and received.

Another error assigned is that the court erred in overruling the demurrer of the defendants. This demurrer was urged upon the ground that the court had no jurisdiction over the persons of the defendants or the subject matter of the action. The record shows jurisdiction over the persons of the defendants acquired both by service of the summons and the copy of the complaint, and by a general appearance entered by their answer filed February 12, 1908. As to the jurisdiction of the court over the subject matter, this is a transitory action, and may be brought in any county where the defendants can be served with process. In *Mostyn* v. *Fabrigas,* 1 Cowp. 161, it is held that, if A becomes indebted to B in Paris, an action may be maintained against A in England, if he is there found. And in this case Lord Mansfield said: ''Any action which is transitory may be laid in any county in England, though the matter arises beyond the seas.'' This doctrine in respect to transitory actions has been repeatedly affirmed in the courts of the United States. *McKenna* v. *Fisk,* 1 How. (U. S.) 241, 11 L. Ed. 117; *Mitchell* v. *Harmony,* 13 How. (U. S.) 115, 14 L. Ed. 75. At the conclusion of the plaintiff's evi-

dence, the defendants asked leave to file an amended answer, setting up the statute of limitations. The plaintiff refused consent to the amendment, and the court denied the application. This denial is assigned by the appellant as error. After the trial of a case has begun, the court may, in its sound discretion, permit or refuse an amendment to the pleadings. This action, like any other that rests in the discretion of the trial court, will not be reviewed on appeal unless it is plainly shown that the lower court has abused its discretion. *United States* v. *Atherton*, 102 U. S. 372, 26 L. Ed. 213. The statute sought to be pleaded by the proposed amendment was the limitation provided by Act 16, Laws of 1903. The actions barred under this statute by the lapse of more than one year from the discovery of the acts constituting the fraud are those brought to obtain equitable relief, which are based wholly on fraud, and in which no relief can be granted unless fraud be proven. This action is not a bill in equity for relief on the ground of damage from fraud, but is a suit at law to recover money alleged to have been advanced to defendants as agents to pay the price of a mine purchased by them for plaintiff and Lindsay as principal. The complaint alleges that $20,000 gold was furnished defendants, and only $9,600 was paid by them, whereby they became indebted to the plaintiff in the sum of $10,400, gold, which was not applied to the purpose for which it was furnished, and remained in their hands, the property of their principals. Before application to amend was made, it was established by undisputed evidence that of the money furnished defendants, $12,000, which included all the excess over the price actually paid (for which excess this action was brought), was furnished in May, 1906. No cause of action arose prior to the receipt of the money by defendants, May 25, 1906. This action was begun on the twenty-sixth day of November, 1906, six months after the statute began to run. Consequently it is apparent that in refusing to permit the defendants to amend, and plead the statute of limitations, the court deprived them of no defense.

The appellant assigned as error the findings of fact and conclusions of law of the trial court. The evidence is conflicting. There is abundant testimony to warrant the findings of the court. It is the rule that the appellate court will not disturb the findings of fact of the trial court based upon conflicting evidence when they are supported by any substantial

testimony.   The conclusions of law expressed by the trial court are proper, in connection with the facts as found.

The appellee calls attention to section 23, chapter 74, page 131, Laws of 1907, Territory of Arizona, and urges the enforcement of the penalty therein provided.   We do not assume the responsibility of holding that the appellant was in this case actuated in taking the appeal solely by the desire to delay, and therefore will not impose the penalty.

The judgment of the trial court is affirmed.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.