[Civil No. 2478.   Filed September 19, 1927.]

[259 Pac. 401.]

AGNES   MARY   STARK,   Appellant,   v.   EARL
WILLIAM   STARK,   Appellee.

Mr. Thomas A. Flynn and Mr. Joseph E. Morrison,
for Appellant.

Mr. Leon S. Jacobs, for Appellee.

LOCKWOOD, J.—Earl William Stark, hereinafter called appellee, brought suit in the superior court of Maricopa county against Agnes Mary Stark, hereinafter called appellant, for a dissolution of the bonds of matrimony theretofore existing between the parties. The action was based on the alleged desertion of appellee by appellant. The latter answered, denying the desertion, and the matter was heard before the court sitting without a jury, on February 5th, 1925. Judgment was rendered in favor of appellee, and from that judgment this appeal was taken.

There are some thirteen assignments of error, but they raise in effect but one question of law, and we shall discuss them from that standpoint. It is as to the sufficiency of the evidence to support the judgment.

We have held repeatedly that, where there is a conflict in the evidence, we will not disturb the decision of the trial court. *Sandoval* v. *Randolph,* 11 Ariz. 371, 95 Pac. 119; *Korrick* v. *Robinson,* 20 Ariz. 323, 180 Pac. 446. And, if there is any reasonable testimony in the record sustaining the judgment, it will be affirmed here. *Boston Ariz. S. Co.* v. *Lewis,* 3 Ariz. 5, 20 Pac. 310; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226.

It is claimed by appellant that appellee failed of his proof in two material allegations: First, as to his residence in the state and county for the period required to give the court jurisdiction; and, second as to the alleged desertion. No useful purpose would be served by quoting the testimony. It is sufficient to say that the testimony of appellee is positive, explicit and ample on both points. Appellant urges, however, that, even conceding this, his evidence is not corroborated as required by statute. Paragraph

3861, Revised Statutes of Arizona of 1913, Civil Code, reads in part as follows:

"Either party may be a witness, but no divorce shall be granted upon the testimony or admissions of a party unless the same be corroborated by other evidence."

So far as the issue of residence is concerned, appellee's testimony is corroborated by that of the witness Richley. Appellant argues that we should not believe their evidence, because this suit was filed just one day after the statutory residence had been completed. We do not see the force in this suggestion. Even admitting, for the sake of argument, that at the time appellee took up his residence he intended, when the time was ripe, to secure a divorce, if as a matter of fact the residence was actual and *bona fide,* that was his privilege, granted him by the law.

The evidence in regard to the desertion was corroborated by testimony as to admissions made by appellant. This point has been before us in the case of *Lundy* v. *Lundy,* 23 Ariz. 213, 202 Pac. 809. Therein we held, among other things:

"The corroboration exacted by the statutes before a divorce can be granted is to the testimony of the party seeking the divorce when it stands alone. It is not necessary when corroborated by the other party's admissions."

The trial court heard the testimony and saw the witnesses and was in a much better position than we are to determine who was telling the truth. There is, it is true, a decided conflict in the evidence, but that conflict has been determined in favor of appellee, and under the rule stated above, the judgment must be affirmed. It is so ordered.

ROSS, C. J., and McALISTER, J., concur.