[Civil No. 2831. Filed June 19, 1929.]

[278 Pac. 368.]

UNION AUTO TRANSPORTATION COMPANY, a Corporation, Appellant, v. CHARLES A. MATTINGLY, Appellee.

374

See Appeal and Error, 4 C. J., sec. 2836, p. 858, n. 3; sec. 2920, p. 945, n. 4.

Messrs. Armstrong, Lewis & Kramer, for Appellant.

Messrs. Sloan, Holton, McKesson & Scott, for Appellee.

ROSS, J.—This is an action for damages for personal injuries and property injury claimed to have been sustained by plaintiff Charles A. Mattingly when on December 13th, 1927, while he was driving a Buick sedan on the public highway between Superior and Ray in Pinal county, an automobile, alleged in his complaint to be owned and operated by the Union Auto Transportation Company and the Pickwick Stages Corporation, and moving in an opposite direction, negligently ran into him. Defendants jointly answered by general denial. Upon a trial before a jury, the plaintiff was given a verdict and judgment for $125 against the Union Auto Transportation Company, the case against the Pickwick Stages Corporation having been theretofore dismissed, on plaintiff's motion, for lack of evidence connecting it in any way with the ownership or operation of the offending automobile.

The Union Auto Transportation Company appeals.

The errors assigned are: (1) The court's refusal to permit defendant "to amend its answer by setting up contributory negligence after the plaintiff had been permitted to amend his complaint to conform to the proof." (2) The court's failure "to instruct the jury to return a verdict in favor of the defendant . . . upon the ground and for the reason that the evidence failed to establish negligence upon the part of the defendant, and upon the further ground that

the evidence showed that the accident was caused by the negligence of plaintiff.''

From a search of the transcript, we find that plaintiff at the close of his case had been unable to show that the Pickwick Stages Corporation was in any manner interested in the automobile that collided with his car, and he thereupon moved to dismiss as to it. This motion was granted, whereupon defendant Union Auto Transportation Company asked to be permitted to amend its answer setting up contributory negligence, which the court denied. The defendant Union Auto Transportation Company argues that the dismissal of one of the defendants was an amendment of the complaint to conform to the proof, and that, such a favor having been extended to its adversary, fair play required that it should be allowed to amend its answer charging contributory negligence.

This contention we do not think is plausible. In the first place, the dismissal of the Pickwick company was not an amendment of the complaint; it did not change the issue. The complaint remained exactly the same, except one of the parties therein charged with negligence was shown not to have been negligent. The manner and place and means set out in the complaint as the cause of the accident remained unaffected. In the second place, the failure of proof might, and doubtless did, surprise plaintiff but not defendant. It knew from the time it was served with process that the Pickwick company was not a proper party, and that it was up to it to make whatever defense there was to be made. If it wanted to delay making the defense of contributory negligence until plaintiff's evidence failed to show joint liability, which it knew from the beginning it would show, it ought not to be heard to complain of the court's denial of its application to amend. It knew all the time that tort-feasors may be jointly or severally sued, and that, when jointly sued, a failure of proof

as to one would not defeat the action as to the other. *Lally* v. *Cash,* 18 Ariz. 574, 164 Pac. 443; 18 C. J. 1162, § 37.

Our statute on amendment of pleadings is quite liberal, and the courts have construed it in that spirit. Paragraph 422, Civ. Code 1913; *Bryan* v. *Inspiration Consol. Copper Co.,* 23 Ariz. 541, 205 Pac. 904; *Brady* v. *Pinal County,* 8 Ariz. 114, 71 Pac. 910; *Sandoval* v. *Randolph,* 11 Ariz. 371, 95 Pac. 119; *Perrin* v. *Mallory Commission Co.,* 8 Ariz. 404, 76 Pac. 476.

The defendant concedes the allowance of amendments to pleadings after trial begins is within the sound discretion of the court. We discover nothing in the record showing that such discretion was abused in this case.

Whether correctly or not, the court permitted the defendant to go fully into the facts of the accident, as much so as if it had set up contributory negligence. This was allowed because defendants' answer by general denial put in issue the allegation of the complaint that plaintiff at the time of the accident was exercising due care and caution. The court held that, although plaintiff was not required in his complaint to negative negligence, having done so, and defendant having denied such negative, the issue of contributory negligence was made. *Hicks* v. *Cramer,* 85 Colo. 409, 277 Pac. 299. No complaint is made of the general instructions.

We do not think, under the circumstances, the court erred in refusing to permit the defendant to amend its answer.

The second assignment calls upon this court to pass upon the sufficiency of the evidence to support the verdict, something that we have always refused to do. Defendant, however, contends that the evidence shows that it was not negligent, but that the accident occurred through plaintiff's carelessness and negligence.

We have very carefully read the testimony, and all but agree with this contention. The evidence in quantity certainly preponderates in favor of the defendant. There was conflict, however, and the jury decided in favor of the plaintiff on that conflict. We feel constrained to abide by the verdict of the jury.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J.; concur.