513 P.2d 677

**Pauline D. GUTIERREZ, Appellant,**

v.

**Raymond GUTIERREZ, Appellee.**

**No. 2 CA-CIV 1389.**

Court of Appeals of Arizona, Division 2.

Sept. 4, 1973.

Machmer, Schlosser & Meitz, Ltd. by Gerald A. Machmer, Phoenix, for appellant.

Nell W. Burt, Douglas, for appellee.

KRUCKER, Judge.

Raymond Gutierrez instituted an action for absolute divorce in the Superior Court of Cochise County. His wife answered and counterclaimed for an absolute divorce. From the decree of divorce entered December 5, 1972, the wife has appealed.

The appellant first asserts that the divorce decree should be declared void because the trial court failed to wait the five days required by Rule 58(d), Rules of Civil Procedure, 16 A.R.S. for objections to the form of judgment. The decree was signed and entered December 5 and a copy sent to appellant's attorney on the same day.

Failure to comply with the five-day rule, however, is not reversible error absent a showing of prejudice. Rexing v. Rexing, 11 Ariz.App. 285, 464 P.2d 356 (1970). Appellant claims prejudice did occur because of two aspects of the language in the decree. First, she claims the minute entry ordered divorce for the husband, whereas the decree granted a divorce to each party from the other, i.e., a Brown decree.[1] Second, she claims that at the hearing the judge ordered repayment of a loan by the husband in installments of "not less than $75.00 per month" whereas the decree ordered a flat "$75.00 per month."

Prejudicial error is error which substantially affects the rights and obligations of appellant as to result in a miscarriage of justice, Kyne v. Eustice, 215 Cal. App.2d 627, 30 Cal.Rptr. 391 (1963), and the burden is on appellant to establish such prejudice. Dykeman v. Ashton, 8 Ariz. App. 327, 446 P.2d 26 (1968). Here there is no such showing. As stated in *Brown* supra, failure to indicate fault in a decree, while providing satisfaction to defendant, does not render a divorce decree invalid.

At any rate, since there is nothing in the record to indicate that appellant withdrew her counterclaim for divorce, there is no basis whatsoever in the claim that she would be prejudiced by language implying she sought the divorce.

Appellant secondly contends that there was insufficient evidence to support the divorce because of inadequate corroboration. This claim also is without merit. In a divorce action only slight corroboration is necessary when there is no suspicion of collusion. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963). The ground on which the husband here based his divorce action was that he and his wife had not lived or cohabited together as husband and wife for five or more years. A.R.S. § 25–312, subsec. 7. He so testified

---

1. A Brown decree dissolves the bonds of matrimony without awarding either party the divorce. This type of decree was first approved in Arizona in Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931).

to that effect. His wife also testified that she and her husband had not cohabited for 19 or 20 years. Since the testimony of the party seeking the divorce can be corroborated by the admissions of the other party (the wife herein), Lundy v. Lundy, 23 Ariz. 213, 202 P. 809 (1922); Stark v. Stark, 32 Ariz. 392, 259 P. 401 (1927), there was sufficient evidence to justify granting the divorce.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.