NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

YELENA WILLIAMS, *Petitioner/Appellee*,

*v.*

JEFFREY M. WILLIAMS, *Respondent/Appellant*.

No. 1 CA-CV 19-0225 FC

FILED 5-28-2020

Appeal from the Superior Court in Maricopa County
No. FN2018-090810
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Law Offices of Kevin Jensen, PLLC, Mesa
By Brandon Yost
*Counsel for Petitioner/Appellee*

Jeffrey M. Williams, Niceville, Florida
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

**¶1**        Jeffrey M. Williams ("Husband") appeals from the superior court's decree of dissolution and order denying his motions for a new trial. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Husband and Yelena Williams ("Wife") married on December 27, 2016, in Pensacola, Florida, and later moved to Mesa, Arizona. With the assistance of counsel, Wife petitioned for dissolution in March 2018. Husband was self-represented throughout the proceedings.

**¶3**        Shortly after Wife filed her petition to dissolve the marriage, Husband received notice that his health and dental insurance coverage, which he received through Wife's military employment, had lapsed for non-payment. Although Wife paid the premium to reinstate his insurance, he filed a petition for contempt, which the superior court decided to address later at trial.

**¶4**        The superior court set trial for October 11, 2018. The couple acquired no significant assets during the brief marriage, and prior to trial, Husband and Wife reached an agreement on division of most of the personal property. Husband relocated to Florida in June 2018, but his address was not updated in the court's files.[1] Both parties filed separate pretrial statements. The contested issues included how their respective debts would be divided and who would be awarded the two pets Wife had

---

[1]        Husband states he faxed a change of address form to the superior court clerk's office on September 11, 2018, the trial's deadline for discovery and disclosure; he states he emailed his new address to Wife's counsel on the same day. But in reviewing his motion for a new trial, to which Husband attached a completed change of address form, the court noted Husband did not provide it with the fax confirmation he claimed to have received.

acquired prior to the marriage. Husband requested Wife be responsible for the cost of a cell phone line and sought spousal support "for an amount and duration to be determined by [the] Court."

¶5 On October 10, 2018, the day before trial, Husband filed an expedited motion to continue, citing a hurricane warning in the area where he was currently living. The court granted the motion and reset the trial date for October 29, 2018. The court mailed a copy of the minute entry with the new hearing date to Husband's address on file, the Mesa address.

¶6 Just hours before the time set for the continued trial on October 29, 2018, Husband filed an expedited motion to continue, claiming he did not receive notice of the reset hearing and only learned of the trial date the night before when he looked at the online docket system. The court declined to continue the trial, and Husband appeared telephonically. At trial, Husband cross-examined Wife's witness and testified as to the issues he listed in his pretrial statement. He objected to the admission of Wife's exhibits, explaining he had not received them in the mail. The court admitted the exhibits over his objection.

¶7 In its decree of dissolution, the superior court denied Husband's request for spousal maintenance, divided community property equally, and denied Wife's request for her attorneys' fees and costs. The court also awarded the pets to Wife as her sole and separate property, ordered Wife to return the cell phone associated with the contested phone line, and ordered Husband to reimburse Wife for the cost of reinstating his health insurance during the pendency of the divorce proceedings. Finally, the court declined to find Wife in contempt regarding the lapse in payment of Husband's health insurance premiums.

¶8 Husband promptly filed a motion for a new trial pursuant to Arizona Rule of Family Law Procedure ("Rule") 83, arguing he was denied due process in lack of notice of the reset hearing date. In his amended Rule 83 motions, he also alleged the court erred in admitting Wife's evidence because he never received the exhibits. The court denied Husband's motions.

¶9 Husband timely appealed the decree and the order denying his motions for a new trial. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (A)(5)(a).

**DISCUSSION**

I.      Trial Procedures

¶10        Husband alleges a number of errors occurred in trial. "We will reverse only if the complaining party suffers prejudice as a result of the error." *In re Marriage of Molloy*, 181 Ariz. 146, 150 (App. 1994). Any prejudice "must appear affirmatively from the record." *Id.* Husband has the burden to establish prejudicial error which substantially affects his rights and obligations. *See Gutierrez v. Gutierrez*, 20 Ariz. App. 388, 389 (1973).

          A.      Motion to Continue

¶11        Husband argues the superior court erred in denying his motion to continue the trial, which denied him due process by "foreclos[ing] any effective participation in the litigation by Husband." We review the superior court's decision to deny a continuance for abuse of discretion, and we review *de novo* Husband's claims that he was denied due process. *Dykeman v. Ashton*, 8 Ariz. App. 327, 330 (1968); *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014).

¶12        "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979). Although Husband argues he lacked notice because he did not receive the minute entry resetting the hearing, he did in fact have notice of the trial date and time as evidenced by his telephonic participation in the trial. He also had notice that "[c]ontinuances, postponements, and schedule changes will not ordinarily be granted" as outlined in the minute entry setting the original trial date. And he acknowledged in his motion to continue he had access to the court's online docket system, which included the new trial date and time. *See* Ariz. R. Fam. Law P. 9(b) ("Parties . . . are responsible for knowing the status of their cases . . . .").

¶13        Further, Husband does not demonstrate that he did not have a meaningful opportunity to be heard. He had an opportunity to identify exhibits in his pretrial statement but did not do so. The court permitted him to participate in the trial telephonically. He testified as to each contested issue and had the opportunity to confront and cross-examine Wife and Wife's witness. Even if he did lack notice of the reset trial, Husband has not alleged with any specificity, let alone demonstrated, what prejudice he suffered from the court's decision to deny his motion to continue. We have reviewed the record, including the court's distribution of property in this sixteen-month marriage, and find no reversible error. *See Volk v. Brame*, 235

Ariz. 462, 470, ¶ 26 (App. 2014) ("Due process errors require reversal only if a party is thereby prejudiced.").

> B.  Disclosure and Evidence

**¶14**  Husband argues the court's failure to sanction Wife for her failure to make timely disclosure, pursuant to Rules 49 and 65, together with the court's admission of Wife's exhibits into evidence, constitute error entitling him to a new trial.  We review the superior court's ruling on discovery and disclosure matters and admission of evidence for abuse of discretion.  *Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010).

**¶15**  Rule 49 sets forth the disclosure requirements in family law matters.  Rule 65(b)(1) provides the sanctions the court may impose when a party fails to comply with the disclosure requirements.  Rule 65 plainly says "[i]f a person fails to obey an order to provide or permit discovery, or fails to comply with a disclosure or discovery rule, the court *may* enter sanctions . . . ." (Emphasis added.)  Per the explicit language of Rule 65, the imposition of sanctions is discretionary, not mandatory.  Aside from the superior court's rulings related to the insurance premiums, Husband does not challenge the fairness of any of the findings or rulings in the decree of dissolution.  *See In re Marriage of Dorman*, 198 Ariz. 298, 303, ¶ 13 (App. 2000) (finding appellant who did not challenge court's finding on appeal "failed to demonstrate any prejudice from the trial court's procedure").  The record indicates that Wife's admitted exhibits included Husband's own credit card statements and emails between Wife's counsel and Husband; any lack of disclosure did not deny him an opportunity to prepare for trial because he had ready access to this information.  Wife also submitted statements for her credit cards and vehicle loan, but Wife asked the court to assign those debts to her, and the court did so.  Husband has not demonstrated how the superior court's failure to impose sanctions on Wife for any disclosure violation, or its admission of her exhibits into evidence caused him prejudice.

**¶16**  Throughout his opening brief, Husband repeatedly states he did not receive Wife's pretrial statement.[2]  A pretrial statement outlines contested issues and "is intended to avoid unfair surprise at trial." *Bobrow*

---

[2]  Husband also argues Wife did not confer regarding the parties' pretrial statement.  *See* Ariz. R. Fam. Law P. 76(c) (2018).  Because he did not properly raise this issue before the superior court, we do not address it here.  *See Yano v. Yano*, 144 Ariz. 382, 386 (App. 1985).

*v. Bobrow*, 241 Ariz. 592, 598, ¶ 28 (App. 2017). Even if he did not receive Wife's pretrial statement, Husband does not show that he was subject to "unfair surprise" at trial. *Id.* He does not identify contested issues for which he had no notice and does not explain how he would have prepared differently had he received Wife's pretrial statement. On this record, we find no reversible error.

                C.      Rule 83(a) Motion

**¶17**         Husband argues the superior court abused its discretion in denying his motions for a new trial pursuant to Rule 83(a).[3] The superior court has "broad discretion" in deciding whether to grant a motion for a new trial, and we review those orders for abuse of discretion. *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009). "The burden is upon the party seeking to overturn the trial court's denial of a motion for a new trial to show that the trial court abused its discretion." *Id.*

**¶18**         In his motions for a new trial, Husband alleged he was denied due process because he did not have notice of the new hearing date and the court erred in admitting Wife's evidence. As previously noted, Husband has not demonstrated any abuse of the court's discretion or prejudice resulting from any alleged procedural error. *See Henderson v. Henderson*, 241 Ariz. 580, 589, ¶ 29 (App. 2017) (finding no abuse of discretion in denying a new trial where appellant "has not explained how the outcomes of the proceedings would have been any different").

II.    Insurance Premiums

**¶19**         Next, Husband argues the superior court erred in declining to impose sanctions against Wife and erred in ordering Husband to reimburse Wife for the insurance premiums. We review the superior court's decision not to impose sanctions for abuse of discretion. *See Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 153, ¶ 40 (App. 2009). The superior court is in the best position to judge the credibility of witnesses and the weight to give evidence, and we defer to the superior court's determinations. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). We overturn a superior

---

[3]     Husband filed his motion in 2018, before recent amendments to the Arizona Rules of Family Law Procedure took effect in January 2019. "Rule 83 . . . no longer contains a reference to 'new trial' because in a family case, the granting of a motion under this rule does not result in a new trial." Ariz. R. Fam. Law P. Prefatory Comment to the 2019 Amendments.

court's findings "only if they are clearly erroneous." *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001).

**¶20**     At trial, both parties testified about the insurance premiums. Wife explained that she had secured other insurance coverage and Husband had a separate account for his insurance.  Husband testified that although Wife was no longer covered by that insurance program, she should continue to pay for his coverage "because that is what . . . [has] been done through the marriage."  After considering the testimony and reviewing emails between Wife's counsel and Husband regarding the lapsed insurance, the court determined the insurance premiums for Husband's sole coverage were Husband's responsibility.  Accordingly, the court declined to find Wife in contempt and ordered the reimbursement payment.

**¶21**     Husband offers no evidence that the court erred aside from his "interpretation of the preliminary injunction" precluding the parties from causing the other to be removed from existing insurance coverage. Although he had an opportunity to cross-examine Wife about her testimony regarding the insurance premiums, Husband did not do so.  And to the extent Husband asks us to reweigh the evidence presented to the superior court, we will not do so. *See Reeck v. Mendoza*, 232 Ariz. 299, 303, ¶ 14 (App. 2013).  We find no clear error in the court's determination that Husband was responsible for his insurance premiums and no abuse of discretion in its decision not to find Wife in contempt.

III.    Attorneys' Fees

**¶22**     Husband[4] and Wife[5] each request their respective attorneys' fees and costs.  We consider both the parties' financial resources and the parties' positions; we find Husband's positions on appeal are unreasonable. Having considered the limited information in the record regarding the parties' financial resources, in our discretion, we award Wife a portion of her attorneys' fees pursuant to A.R.S. § 25-324(A) upon compliance with ARCAP 21.  Pursuant to A.R.S. § 12-341, we award Wife her taxable costs upon compliance with ARCAP 21.

---

[4]     Husband is self-represented on appeal.

[5]     Wife's answering brief cites "A.R.S. § 24-324" as a basis for an award of attorneys' fees.  We treat the citation as a typographical error.

**CONCLUSION**

**¶23** For the foregoing reasons, we affirm, and award Wife her taxable costs and a portion of her attorneys' fees upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA