## Sutherland and Sutherland v. Cunningham.

1. In an action against a sheriff for a *false return,* there must be a fraudulent intention to charge the defendant.
2. If a party is injured by an *improper return* made by a sheriff, the remedy is by a special action on the case, shewing the injury sustained, and the damages are to be according to the loss.

George and Thomas Sutherland brought an action of trespass on the case in the Circuit Court of Lawrence

county, against Hance M. Cunningham, sheriff of said county, endorsed to recover for making a false return of an execution.

The declaration alleged that a decree in Chancery was rendered in Lawrence Circuit Court in favor of the plaintiffs against Hamlin Epps and Samuel Mitchell, for $738 debt, $36 90 damages and $39 25 costs; that on the 23d of April, 1821, a *fi. fa.* on said decree was handed to the defendant, then sheriff, to execute; that Epps and Mitchell had property sufficient, &c. that the defendant not regarding his duty, but contriving, and wrongfully and unjustly intending to injure, prejudice and aggrieve the plaintiffs, and to deprive them of said moneys, &c. had not the said moneys at the return thereof, to render them, &c. and therein wholly failed and made default, but falsely and deceitfully returned that the said writ was replevied the 14th September, 1821, as by said writ and return remaining of record more fully appears, &c. By means whereof the said plaintiffs are greatly injured, &c. and delayed, and likely to lose their said moneys, &c. The defendant pleaded the general issue, and at September term, 1826, there was a verdict for the defendant.

The plaintiffs took a bill of exceptions at the trial, which shews that they offered in evidence to the jury the execution, which was credited with $320 at the date of the judgement, with the following return endorsed: "the within execution is replevied. this 14th September, 1821. H. M. Cunningham, Sheriff, L. C." The replevin bond was also produced, which was returned as being taken under the act of 1820; [a] and the record was also produced, shewing that on the motion of the plaintiffs, said bond had been quashed by the Court at March term, 1822. [b]

The defendant offered in evidence an execution issued on the judgement at law in the same case, dated the 24th August, 1820, which was returned superseded by injunction, and the supersedeas was produced. Also, another execution issued on said judgement the 12th of July, 1822, but which was alleged by the plaintiff to have been issued by the clerk without their assent, and contrary to their instructions, and which after it came to the sheriff's hands, they directed to be returned to the office, which was done accordingly. This was proven, as insisted by the plaintiffs, by the production of their letters to the clerk and sheriff, dated 28th August, 1822. The defen-

[a] Laws Ala. 318, this act provided for certain cases in certain counties, and has expired. This is probably the act intended.
[b] The bond purported in the body to be made by Hamlin Epps and ——— but was signed only by S. Mitchell and D. Wade, whose names were not in the body. The condition was to pay and satisfy the execution generally; no time specified.

JANUARY 1828.

Sutherland and
Sutherland
v.
Cunningham.

dant also proved by Epps, one of the defendants in the execution, that the plaintiffs, since the recovery of the original judgement, had become indebted to Epps in about $500, for which he held their obligation, payable when required, with interest; and which by agreement between him and the plaintiffs, would not be required till this suit was determined, and not then if this suit failed. Also, that Epps was good for the amount of said judgement, and still is good; also, that he had paid on the execution the amount endorsed on it; that at the time of the replevy bond, Mitchell was also good for the amount of the execution, but that before March, 1822, he left the country with his property; and that said Epps being about to leave the country for Orleans, where he expected to be absent for some considerable time, requested the defendant in May, 1821, while he held the first execution, to go with him and he would shew him property to levy on, which the defendant did not do. He said, in answer to a question by defendant, that Sutherland had assigned as the reason for bringing this suit, that the defendant had frequently caused them often to come for the money from Tennessee, where they resided, and always disappointed them, and they determined to make the money out of him.

The Court instructed the jury, that if the plaintiff recovered, it could only be for such damages as they proved were sustained by the sheriff's failure to make the money, and that the judgement and execution were not the only criterion to govern the assessment of damages; that in this action of false return, an intention to defraud the plaintiffs was necessary to enter into the act constituting the charge, and that this was a fact to be left to the jury; that the replevy bond was very defective, and was no doubt properly quashed; that it did not at all comply with the act, but that this was not a false return; that to be false it must be a perfect nullity; and this was not such a nullity as to constitute such false return; that to recover, if the plaintiff had any cause of action at all, it must be in a special action on the case, averring a loss by reason of an insufficient bond being taken, and that this was not the proper action. To which opinions of the Court the plaintiffs excepted, and sued out their writ of error to reverse the judgement.

The charge given by the Court is the error assigned.

COALTER and ORMOND, for the plaintiffs.

The Court charged the jury, that intention was involv-
ed in a false return, and that the plaintiffs could not re-
cover in this action at all.   We rely on the position that
the bond was an entire nullity.   If so the return was lite-
rally not true, and necessarily implied the intention ; if it
was not true, it was nothing, and *no return is equal to a
false return.* [a] The action accrues by the return of the
writ, and cannot be purged afterwards.  [b] Whether the re-
turn was false or not, was certainly, if not solely, a mat-
ter of fact, at least a question mixed of fact and of law,
and ought to have been left to the jury.   The damage
laid was, that the plaintiffs were delayed, and that they
had lost, or were likely to lose their money.  [c] The debt
is presumed in law to have been satisfied to the sheriff,
for a delivery bond or levy, is a satisfaction of the debt.  [d]

HOPKINS, for the defendant.

## By JUDGE PERRY.

· THE charge of the Court is assigned for error, and the
last part is relied on for a reversal of the case ; but the
whole charge must be taken together, and is to be consi-
dered as having been made with reference to the evidence.
Then, does the testimony sustain the cause of action as
laid in the declaration ? It seems to the Court that it does
not, for it is admitted and shewn by the proof, that the
defendant took a replevin bond.   If that bond had been
such as contemplated by the statute of 1820, the sheriff
could not surely be made liable for a false return ; and
the bond being quashed, cannot alter the case.   If it did,
the ignorance of every officer ·would subject him to the
imputation of fraud, when the party injured would have
a remedy in a different way for taking an insufficient
bond, in which fraud would not be necessary to sustain
the action.   The Court is therefore of opinion that the
plaintiffs shew a cause of action different from that
stated in the declaration.   The judgement of the Court
below must therefore be affirmed.

JUDGE WHITE not sitting.