## STATE OF MISSOURI at the Relation of TOBIAS POLSTER, Respondent, v. JAMES P. MILES et al., Appellants.

### St. Louis Court of Appeals, June 14, 1910.

1. **SHERIFFS AND CONSTABLES: False Return: Nominal Damages Presumed.** The law imposes the duty upon an officer serving process to make a true return, and where this duty is breached, it presumes damages, though none actually accrued.

2. **JUSTICES' COURTS: Docket Entries: Appearance of Parties.** Under section 3844, Revised Statutes 1899, requiring justices of the peace to keep a docket and to enter therein the time when the parties appeared, either with or without process, or on the return of process, a justice must enter in his docket the fact of the appearance of the parties at the trial, where such is the fact, and, where parties appear on defective service of summons or without any service, the docket must show the fact and thus disclose the jurisdiction of the justice, which may otherwise be subjected to collateral attack for want of sufficient support in the judgment roll.

3. ———: **Jurisdiction Over Person: Appearance of Defendant.** Where a defendant in a justice's court appeared before the justice and contested the action, the judgment against him was valid, though there was a defective service, or no service, of process, since the matter of service of process is a personal right which may be waived by defendant by appearing.

4. ———: **Judgment: Conclusiveness of Recital: Collateral Attack.** The recital in a justice's judgment that defendant appeared and defended the action is conclusive as against a collateral attack, and imports absolute verity to the effect that defendant appeared and waived any defect in the service of process, and that he was actually indebted to plaintiff as determined in the case.

5. ———: **Summons Part of Judgment Roll: Imports Verity.** A summons in a justice's court is a part of the judgment roll and imports verity as a public record, and it is essentially better evidence of the mode, manner and time of service than a recital in the judgment itself.

6. ———: **Record: Parol Evidence Admissible to Cure Defects, When.** Where the record of a justice of the peace is silent

as to a given fact, parol evidence may be resorted to to cure the defects in the record in aid of the judgment rendered.

7. **CONSTABLES: .False Return: Liability: Judgments: Conclusiveness.** Where a constable made a false return of service of process in an action in a justice's court and the judgment recited that defendant appeared before the justice and contested the action, the judgment against him was conclusive against collateral attack as to the fact of his indebtedness to plaintiff, and hence that question could not be inquired into in an action by defendant on the constable's bond for a false return.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey*, Judge.

REVERSED AND REMANDED.

*Frank A. C. MacManus* for appellants.

(1) The cause of action in cases of this kind, is not the amount of money paid to satisfy a "judgment," but the actual loss sustained by plaintiff. Neither the petition nor the proof of plaintiff make any such case, the conduct and condition of the person complaining must be alleged. The petition must truthfully show the loss which flowed as a natural and direct consequence from the acts of the parties or the wrongful act. The intervening act of "appearance" at the trial was recited in the "record judgment" when voluntarily paid, said judgment is not attacked in the petition, nor any question raised by plaintiff. Griggs v. Flickstein, 14 Minn. 81; Pastene v. Adams, 49 Cal. 87; Harrison v. Collins, 86 Pa. St. 153; Powell v. Devaney, 3 Cush. 300; Lane v. Atlantic Works, 107 Mass. 104. (2) The demurrer to the evidence as offered by defendant at termination of relator's case should have been sustained. Last paragraph in Morrison v. Yancey, 23 Mo. App. 675. After the transcript of the judgment was offered by plaintiff, the case of relator was at an end, and it was error to

refuse instruction at the end of plaintiff's evidence, and at the close of the cause to refuse instructions Nos. 6 and 7, when offered at the termination of the cause instead of the termination of plaintiff's case, at the trial judge's directions. Strobel v. Clark, 128 Mo. App. 49; Weber v. Schmeiser, 7 Mo. 600; Latrielle v. Derleque, 35 Mo. 233; Johnson v. Kerkhoff, 35 Mo. 291; Brawley v. Raney, 67 Mo. 283; Rumfeldt v. O'Brien, 57 Mo. 569; Bernecker v. Miller, 44 Mo. 102; State v. Stinebaker, 90 Mo. App. 285; State v. Orahood, 27 Mo. App. 496.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for respondent.

(1)   The motion in arrest of judgment was properly overruled. The petition states all the facts essential to constitute a good cause of action on the bond sued on. It recites the judgment obtained against the relator by reason of the false return on the summons made by the defendant Miles; that the judgment became a lien on the real estate of relator; that in order to clear said real estate from such lien relator was obliged to pay the judgment, and that thereby he was damaged in the amount so paid, and prays judgment for the penalty in the bond to be satisfied in the payment of the amount paid by relator to clear his real estate from the lien with interest and costs. State ex rel. v. Finn, 87 Mo. 310, s. c. 24 Mo. App. 344. A general allegation of damage sustained as the result of wrongful acts of the defendant is sufficient. Evidence need not be pleaded. Funkhouser v. Inglis, 17 Mo. App. 232; Lesser v. Railroad, 85 Mo. App. 326. (2)   The defendants' peremptory instruction that the relator was not entitled to recover was properly refused by the court. This instruction was asked on the theory that the recital in the justice's docket that the relator in this case and defendant in the one before him appeared before the

justice on the return day of the summons is conclusive on the relator that he appeared there and cannot be contradicted. This is not the law. A justice's docket is evidence only of such facts as the justice is by law required to place therein. Fabien v. Grabow, 134 Mo. App. 193; Heman v. Larkin, 99 Mo. App. 294. A fact not entered in the docket may be shown by the testimony of the justice. Rowe v. Schertz, 74 Mo. App. 602. A judgment entry on a justice's docket may be either aided or impeached by the return on a summons or other writ. Henman v. Westheimer, 110 Mo. App. 191; Cloud v. Pierce City, 86 Mo. 37; Blodgett v. Schaffer, 94 Mo. 652; Sappington v. Lenz, 57 Mo. App. 44; Jester v. Spurgeon, 27 Mo. App. 477; Raum v. Eyerman, 2 Mo. App. 476. Besides, even though relator may not have been entitled to recover substantial damages he was certainly entitled to recover nominal damages. State ex rel. v. Harrington, 28 Mo. App. 287.

NORTONI, J.—This is a suit on a constable's bond for damages alleged to have accrued on account of a false return on a writ of summons. Relator recovered and defendant prosecutes the appeal.

It appears that Daniel and Michael P. Larkin, doing business as Larkin Brothers, instituted their suit on an account of about one hundred and fifty dollars against the relator, Polster, before a justice of the peace and a writ of summons was duly issued thereon. Defendant constable, through his deputy, made a return on the summons to the effect he had served the same in accordance with the statutes upon relator, Polster, by delivering a true copy thereof to a member of his family, over fifteen years of age, at his usual place of abode in the city of St. Louis. It is said that there was a mistake by the defendant's deputy as to the fact in serving the process; that instead of delivering the writ to a member of Polster's family at his usual place of abode he de-

149 App—41

livered the same to a gentleman residing at Polster's former place of abode. The evidence for plaintiff tends to prove the constable's return was false and that as a result thereof judgment was rendered against relator by the justice of the peace for the amount of one hundred and fifty dollars, together with accrued interests and costs.

It is conceded relator learned of the suit against him before the justice some four or five days before the day appointed for trial through the courtesy of the gentleman to whom the copy of the summons was delivered in mailing it to him. Relator says that, although he thus had indirect notice of the suit, he did not appear before the justice of the peace for the reason, first, that no writ of summons had been served upon him, and, second, that he did not owe the account sued upon. It is in evidence that relator was an officer of a corporation which had contracted the indebtedness for which suit was filed against him and that the debt for which the judgment was given against relator on the false return was the debt of such corporation and not his. After judgment was given by the justice against relator in that suit and the time for an appeal had elapsed, a certified transcript of the proceedings had before the justice was obtained by plaintiffs Larkin Brothers in that case and filed in the office of the clerk of the circuit court of the city of St. Louis, to the end of affixing the lien of such judgment on relator's real estate. Upon relator' Polster's learning the fact that a transcript judgment of the justice of the peace had been filed in the office of the circuit court and that a judgment lien to that extent had thus been established against his property, he discharged the same and instituted this suit on the constable's bond as for a false return of the summons, seeking to recover the amount he was thus compelled to pay out in order to discharge his property of the judgment lien. On the trial there was an abundance of evidence given to establish the fact that the defendant con-

stable, through his deputy, made a false return on the summons to the effect the same had been served on Polster by delivering a copy thereof to a member of his family over fifteen years of age at his usual place of abode in the city of St. Louis.

For the purpose of showing a judgment was actually obtained on such false return and that relator was required to pay the same in order to relieve his real estate from its lien, relator introduced in evidence the judgment given against him by the justice and showed the fact of its filing in the office of the clerk of the circuit court. The judgment of the justice of the peace given in evidence recited the fact that relator Polster, who was the defendant in the summons and in that judgment, actually appeared before the justice and contested the cause of action therein sued upon. At the conclusion of the evidence for relator defendant requested the court to instruct a finding for him on the theory that, although the evidence showed a false return had been made on the summons, the judgment of the justice rendered thereon and introduced by plaintiff recited the fact that relator Polster, defendant in the justice's judgment, had actually appeared before the justice and therefore waived his right to complain of the false return. The court denied the request and proceeded with the case.

It is argued here for defendant the court should have instructed a finding for him for the reason that though it appeared a false return was made, relator Polster, defendant before the justice, actually received notice of the pending suit and appeared and contested the same. It is said that relator, having introduced the judgment of the justice of the peace which disclosed that he appeared before the justice by his attorney in the suit of Larkin Brothers against him, is concluded by this recital for the reason the recitals of that judgment may not be attacked or contradicted in this collateral proceeding. The theory of the argument is that, though

the return on the summons was false in the first instance, the defendant therein waived the matter by appearing before the justice and will not now be permitted to recover on account of such false return.

There can be no doubt that the justice of the peace had complete jurisdiction over the subject-matter of the action in which the false return was made and in so far as that matter is concerned, the question of jurisdiction relates to the person only. Though the return of the constable was false or though no service whatever was had upon Polster, by appearing before the justice of the peace and contesting the suit, he waived his right to complain of the result of that judgment except in a direct proceeding by appeal or in equity.     In other words, the judgment before the justice is conclusive against Polster, defendant therein, when collaterally attacked as here, and the matter is important in this suit for a false return in so far only as it affects the measure of recovery; that is to say, that judgment before the justice concludes the present relator Polster except in a direct attack from thereafter showing he was not indebted as therein found and determined, but it is insufficient in and of itself to defeat his right of recovery of nominal damages on account of the false return. In every instance the law imposes the duty upon an officer to make a true return and where this duty is breached, it presumes damages, though none actually accrued. The rule proceeds in the interest of the integrity of the law and for the purpose of enjoining an efficient and true discharge of official duty. It is therefore entirely clear that though no substantial recovery may be had plaintiff made a prima facie case entitling him to a nominal sum upon showing the mere fact of a false return, and the court very properly refused to direct a finding for defendant. [State ex rel. Armour Pkg. Co. v. Dickmann, 146 Mo. App. 396, 124 S. W. 29; State to use Goddard, etc., Co. v. Rayburn, 22 Mo.

App. 303; State ex rel. Rice v. Harrington, 28 Mo. App. 287.]

However this may be, the recitals in the judgment of the justice of the peace to the effect that the present relator Polster, who was defendant in that judgment, appeared by his attorney and contested the action are conclusive against Polster's right to a substantial recovery in this suit on the false return. Throughout the trial, defendant sought to invoke the recital mentioned in the justice of the peace judgment but the court proceeded as though such recitals were prima facie only and that it was competent to show by parol the contrary to be the fact. Relator Polster was permitted to testify that though the judgment before the justice recited he appeared by attorney and contested the action, etc., it was untrue in every respect; for though he had notice four days before, he made no appearance. The court instructed that an appearance of defendant to a trial on the return day of the summons, cures all defects of service, but refused to instruct at defendant's request, to the effect it was not competent to falsify the judgment of the justice by parol evidence, and found the issue for plaintiff for the full amount sued for. In other words, the court proceeded on the theory it was competent to contradict, by parol, the recital of the justice of the peace judgment that Polster had appeared and contested the action, and permitted relator to show that though the judgment disclosed a determination to the contrary he in fact did not owe the debt which he had been compelled to pay because of the justice of the peace judgment against him. Evidence was received on the part of relator tending to prove the debt sued for by Larkin Brothers before the justice was one contracted by a corporation of which plaintiff was an officer and for which he was in no way responsible. And, notwithstanding the judgment of the justice disclosing a judicial determination to the contrary, a judgment was given for relator in this action for the full amount he

had paid out on account of the justice judgment in order to relieve his property from its lien, as though that judgment were *coram non judice*. In support of the theory pursued by the court, it is argued here for relator that though the recitals of a justice of the peace judgment must be taken as conclusive of all matters within his jurisdiction when collaterally attacked, the rule does not obtain in this case, for the justice was not required to note the fact of appearance, etc., on his docket. While the court of a justice of the peace is an inferior tribunal and of limited statutory jurisdiction, it has been settled from an early period that such recitals in his docket as the statute requires him to note import absolute verity and are conclusive as against a collateral attack. [Brown v. Pearson, 8 Mo. 159; Palmer v. Hunter, 8 Mo. 512; Fabien v. Grabow, 134 Mo. App. 193, 114 S. W. 80; Heman v. Larkin, 99 Mo. App. 294, 73 S. W. 218; Carpenter v. Roth, 192 Mo. 658, 669, 91 S. W. 540.] Our statute, section 3844, Revised Statutes 1899, section 3844, An. St. 1906, requires the justice of the peace to keep a docket and enjoins upon him the duty of noting therein certain important facts pertaining to his jurisdiction and such proceedings as are had in his court touching the case. Among other things this statute enumerates, it requires the justice to enter in his docket "the time when the parties appear before him, either with or without process, or upon the return of process." This language suggests the thought it may relate more particularly to the time of appearance but when we consider that it treats as well of the appearance of the parties either with or without process, it is obvious the Legislature intended the justice should enter in his docket the fact of the appearance of the parties at the trial if such be the fact. It is self-evident that where parties appear, as they sometimes do, on defective service or without any service whatever, the docket should show the fact in order to disclose the jurisdiction of the justice which may otherwise be sub-

jected to collateral attack for the want of sufficient support in the judgment roll. In other words, in the particular instance now in judgment, if Polster, the defendant before the justice of the peace, actually appeared and contested the action as the justice docket recites, then the judgment as to him was perfectly valid, even though there were a defective service or no service of summons whatever upon him in the first instance. In view of the fact that the matter of service of summons is a personal right which may be waived by the defendant and jurisdiction given over the person by consent, it is clear enough the lawmakers intended to require the justice to enter the fact of defendant's appearance to the action in his docket. This being true, the recital in the justice judgment that relator here and defendant therein appeared and defended the action is conclusive as against a collateral attack and imports absolute verity to the effect not only that Polster appeared and thus waived the defective service but to the effect as well that he was actually indebted to Larkin Brothers as determined and adjudged in that case. But it is argued for relator it has been many times decided that some facts not entered in the docket of the justice may be shown by the testimony of the justice of the peace and that his judgment may be either aided or impeached by the return of a summons itself. As to the argment that the justice judgment may be aided or impeached by a resort to the return of the summons, it may be said that it is entirely without influence here for the summons is parcel of the judgment roll and imports verity itself as a public record. In respect of some matters, such as the mode, manner or time of service, it is essentially better evidence of the fact than the recital in the judgment itself. In so far as the argument relates to a showing of fact by parol as to the judgment of the justice, it may be said to be the accepted law that it is only when the records of the justice are silent as to a given fact parol evidence may

be resorted to for the purpose of aiding the defect. [State to use of Wheless v. Stinebaker, 90 Mo. App. 280; State v. Hockaday, 98 Mo. 590, 12 S. W. 246.] The judgment of the justice is conclusive against this collateral attack as to the facts of the indebtedness and its amount between Larkin Brothers and plaintiff Polster and that question should not have been inquired into in the present controversy. However, it goes only to the matter of a substantial recovery; for if there was a false return, plaintiff is entitled to nominal damages at any rate.

The judgment will be reversed and the cause remanded to be proceeded with in accordance with the views herein expressed. It is so ordered. All concur.