[Civil No. 2954. Filed February 23, 1932.]

[8 Pac. (2d) 449.]

TOM REED GOLD MINES COMPANY, a Corporation, Appellant, v. UNITED EASTERN MINING COMPANY, a Corporation, Appellee.

534

Messrs. McAdoo, Neblett & Clagett, Mr. E. H. Mitchell, Mr. Frank G. Swain and Mr. Louis L. Wallace, for Appellant.

Mr. R. L. Alderman and Mr. Elmo Bollinger, for Appellee.

LOCKWOOD, J.—United Eastern Mining Company, a corporation, hereinafter called plaintiff, brought suit against Tom Reed Gold Mines Company, a corporation, hereinafter called defendant, to recover damages for the alleged removal by defendant of certain ore from the mine of plaintiff. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $20,000, and the matter is before us for review.

The assignments of error in effect present only the question of whether the statute of limitations was properly applied. It is the contention of plaintiff that the action is governed by paragraph 711, subdivision 3, Revised Statutes of Arizona, 1913, Civil Code, while defendant insists that paragraph 710, subdivision 2, of that Code is applicable. These subsections read respectively as follows:

"711. There shall be commenced and prosecuted within three years after the cause of action shall have accrued. . . .

"(3.) Actions for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the

aggrieved party, of the facts constituting the fraud or mistake."

"710. There shall be commenced and prosecuted within two years after the cause of action shall have accrued. . . .

"(2.) Actions of trespass for injury done to the estate or the property of another."

The first matter we consider is, When does a statute of limitations begin to run in case the facts which give rise to the cause of action are unknown to the plaintiff? It is the general rule that knowledge of the plaintiff is immaterial—the statute runs from the time the cause of action accrues. *Stockmen's State Bank* v. *Merchants' etc. Bank,* 22 Ariz. 354, 197 Pac. 888; 37 C. J. 969. Courts of equity, however early began to apply a different rule in cases where the defendant had by his fraudulent conduct concealed from the plaintiff the existence of the facts which gave rise to the cause of action, and held that under such circumstances the statute did not begin to run until after the plaintiff knew, or reasonably should have known, of the existence of such facts. *Blair* v. *Bromley,* 5 Hare 542, 67 Eng. Reprint 1026; *Lieberman* v. *First National Bank,* 8 Del. Ch. 519; 82 Am. St. Rep. 414, 48 L. R. A. 514, 45 Atl. 901; *Moses* v. *St. Paul,* 67 Ala. 168. The earlier cases, however, held that in an action at law such conduct on the part of the defendant did not prevent the running of the statute. *Allen* v. *Mille,* 17 Wend. (N. Y.) 202; *Callis* v. *Waddy,* 2 Munf. (Va.) 511; *Million* v. *Medaris,* 6 Baxt. (Tenn.) 132. But the later and better decisions are now to the effect that in law as well as in equity a defendant who, by his conduct, has prevented a plaintiff from knowing of the existence of the facts upon which an action is based, is estopped from setting up as against such plaintiff the bar of the statute of limitations until after the plaintiff knows, or reasonably should have known, of the existence of such facts. *Bailey*

v. *Glover,* 21 Wall. (88 U. S.) 342, 22 L. Ed. 636; *Kane* v. *Cook,* 8 Cal. 449; *First Mass. T. Corp.* v. *Field,* 3 Mass. 201, 3 Am. Dec. 124; *American Tobacco Co.* v. *People's Tobacco Co.,* (C. C. A.) 204 Fed. 58; *Oklahoma Farm Mort. Co.* v. *Jordan,* 67 Okl. 69, 168 Pac. 1029. This rule is obviously based on the theory that no man may profit by his own wrong, and in our opinion is both just and logical.

The question has been raised both in England and in the United States, in cases involving underground trespass and removal of ore, coal and similar substances. The earlier English decisions, and at least one of the American decisions, hold that the action was invariably and necessarily in trespass, and that the statute commenced running from the time of the trespass, regardless of the knowledge of the plaintiff of its existence. *Imperial Gas Light & Coke Co.* v. *London Gas Light Co.,* 156 Eng. Reprint 346, 10 Ex. 39; *Golden Eagle M. Co.* v. *Imperator-Quilp Co.,* 93 Wash. 692, L. R. A. 1917C 113, 161 Pac. 848. The later English cases, however, have modified the rule, holding that, when the trespass was wilful, the statute did not begin to run until the facts were known to plaintiff, but that, if the trespass was inadvertent, it ran from the time of the actual trespass. *Bulli Coal M. Co.* v. *Osborne,* 1899 A. C. 351; *Trotter* v. *Maclean,* 1877, 13 Ch. Div. 574; *Dean* v. *Thwaite,* 21 Beav. 621, 52 Eng. Reprint 1000. A number of American states have explicitly provided a special statute of limitations for cases of underground trespass, while Arizona has no such statute. We think, however, the reasoning of the cases which hold generally that the statute does not begin to run when a defendant conceals from a plaintiff the existence of a cause of action is sound when applied to underground trespass cases, both intentional and inadvertent, also, and we therefore hold that no statute of limitations begins to run in any underground tres-

pass case until the plaintiff either knows, or has reasonable cause to know, the facts which constitute the trespass.

This rule is not questioned, indeed, by the defendant, but its contention is that, although the cause of action is not deemed to have accrued until the plaintiff had knowledge, or reasonable ground to know, of the trespass, yet the action which then accrues is still necessarily and always one of trespass, and not an action in fraud or deceit, and that therefore in Arizona paragraph 710, subdivision 2, *supra,* applies to the action.

Plaintiff, on the other hand, insists that an underground trespass, intentional or inadvertent, is in the first case actual, and in the second constructive, fraud, and therefore an action to recover damages has its gravamen in fraud rather than in trespass, and under such circumstances paragraph 711, subdivision 3, *supra,* applies.

The case of *Golden Eagle Min. Co.* v. *Imperator-Quilp Co., supra,* is cited by defendant as supporting its contention. There is no doubt that it does. The court therein says:

" 'To constitute an action for "relief on the ground of fraud," the fraud must be the substantive cause of the action, the cause without which the action would not exist; the fraud must have been practiced upon the complaining party, causing him to assume some obligation or liability or suffer some loss which but for the fraud he would not have assumed or suffered.' .

"This, it seems to us, is the key to the solution of the problem here involved. Nothing seems plainer to us than that appellant's cause of action in this case does not rest upon the fact that there was wrongdoing on the part of respondents which could, in a sense, be characterized as fraud or deceit. An ordinary theft and the concealing of it is no less wrongful or fraudulent, yet plainly one who is deprived of his property by another by any such wrong has

no more complete or perfect right of action for its recovery or damages for its loss than when his property is taken by some method unattended by wrong of this character. In other words, such fraud and deceit, if one chooses to so characterize the wrong, adds nothing to the completeness of the injured person's cause of action."

The leading case to the contrary is that of *Lightner Min. Co.* v. *Lane,* 161 Cal. 689, Ann. Cas. 1913C 1093, 120 Pac. 771. Under statutes of limitation similar to ours the court held specifically that the action was for relief on the ground of fraud or mistake, and not for trespass, saying:

"In the case of underground mining of a neighbor's ore, nature has supplied the situation which gives the opportunity to the trespasser to take it secretly and causes the ignorance of the owner. Relying upon this ignorance, he takes an unfair advantage of his natural opportunities, and thereby clandestinely appropriates another's property while appearing to be making only a lawful use of his own. The act in its very nature constitutes the deceit which makes it a fraud. It is a daily false representation that the ore he is taking is his own, with full knowledge that it belongs to another, and that that other is deceived by the artifice."

This is a distinct and positive holding that, so far as an *intentional* taking of underground ore is concerned, the remedy is an action for relief on the ground of fraud. This same general rule was upheld in *Bulli Coal Mining Co.* v. *Osborne, supra.* We are of the opinion that both on reason and authority, when the trespass is knowing and intentional, an action for relief on the ground of fraud may be maintained. The question of whether it can also be maintained when the trespass is inadvertent is more difficult.

The case of *Lewey* v. *Fricke Coke Co.,* 166 Pa. 536, 28 L. R. A. 283, 45 Am. St. Rep. 684, 31 Atl. 261,

was one of underground trespass, and the court in discussing the matter said:

"The case at bar affords an excellent illustration of ignorance due to the defendant's conduct, and without fault on the part of the plaintiff. The defendant was mining its own coal through its own shafts or drifts opened on its own lands. In the course of its operations, and for its own convenience, it pushed an entry or passage under the plaintiff's lands, and appropriated the coal removed therefrom. *It was bound to know its own lines, and keep within them.* If, by mistake or for any other reason, it did invade the mineral estate of another, and remove and appropriate the coal therefrom, good conscience required that it should disclose the fact, and pay for the coal taken. *Its failure to do this is, in its effects, a fraud upon the injured owner;* and if he has no knowledge of the trespass, and no means of knowledge, such a fraud, whether it be called constructive or actual, should protect him from the running of the statute." (Italics ours.)

We think the language of the court in effect holds that an unintentional trespass is constructive fraud, just as an intentional trespass is active fraud. This principle finds support in Lindley on Mines, third edition, volume 3, paragraph 867, as follows:

"It seems, upon clear principle and by the decided weight of authority, that an intentional underground trespass is an actual fraud which prevents the running of the statute until discovery; that in the case of an unintentional trespass the same rule ought to govern, upon the theory that the negligent commission of an undiscoverable trespass, the appropriation of the fruits thereof by the tort-feasor, and his failure to disclose the truth to the injured party, together constitute a constructive fraud."

In the case of *Harrison* v. *Roark,* 31 Ariz. 73, 250 Pac. 367, we discussed the difference between actual and constructive fraud as follows:

" 'Legal' fraud is generally taken as synonymous with 'constructive' fraud. This may well be defined as:

" 'Acts, statements, or omissions which operate as virtual frauds on individuals, or which, if generally permitted, would be prejudicial to the public welfare and yet have been unconnected with any selfish or evil design.' *Spallholz* v. *Sheldon,* 158 App. Div. 367, 143 N. Y. Supp. 417; Id., 216 N. Y. 205, Ann. Cas. 1917C 1017, 110 N. E. 431.

" 'Actual' fraud, on the other hand, may be described as:

" 'When the party intentionally, or by design, misrepresents a material fact, or produces a false impression in order to mislead another, or to entrap or cheat him, or to obtain an undue advantage over him, in every such case there is a positive fraud, in the truest sense of the terms.' *Willink* v. *Vanderveer,* 1 Barb. (N. Y.) 599, 607.

"'The principal difference between 'actual' and 'constructive' fraud is that in the first case there is an intent to induce another to part with property or surrender some legal right, while in the other, although the act may accomplish that purpose, there is no such intent on the part of the actor. The presence or absence of such an intent distinguishes 'actual' from 'constructive' or 'legal' fraud." ·

Tested by this standard, we think an unintentional underground trespass may well be characterized as constructive fraud, upon which an action for relief may be based, just as much as on the actual fraud found to exist in *Lightner Min. Co.* v. *Lane* and *Bulli Coal Min. Co.* v. *Osborne et al., supra.*

Defendant urges that, even admitting this, the case of *Sandoval* v. *Randolph,* 11 Ariz. 371, 95 Pac. 119, 121, holds that Act No. 16, Session Laws of 1903 (paragraph 711, subdivision 3, *supra*), applies only to actions "brought to obtain equitable relief" and not to actions on the case for deceit. The statement as quoted was so made in that case, and has never been expressly repudiated in a later one, but it was

unnecessary, for the reason that under any theory of the case none of the various periods of limitations set forth in the statute had run. Counsel for defendant himself admits the language is contrary to the more modern and better rule, and we therefore hold that paragraph 711, subdivision 3, *supra,* applies to any action, legal or equitable, the gravamen of which // is actionable fraud, anything to the contrary in *Sandoval* v. *Randolph, supra,* notwithstanding.

But defendant contends that, even if the *dicta* in *Sandoval* v. *Randolph,* be disregarded, the complaint in this case does not set up a cause of action for relief against fraud, legal or equitable. The material allegations of the complaint read as follows:

"That plaintiff is, and at all times herein mentioned was, the absolute owner in fee simple of the BIG JIM lode mining claim, . . . the defendant wilfully and without the knowledge of plaintiff, entered into and trespassed upon said lode mining claim, and extracted and removed and appropriated to its own use therefrom large bodies of ores and minerals, same being the property of this plaintiff. . . .

"That defendant so extracted and removed and appropriated to its own use said ores and minerals by means of underground workings that had no outlet at the surface on plaintiff's property or on said BIG JIM lode mining claim, and that plaintiff did not at any time have access to such workings; and that plaintiff had no knowledge or means of knowledge that defendant was extracting or removing ores from said BIG JIM lode mining claim."

We have stated the elements of actionable fraud in *Moore* v. *Meyers,* 31 Ariz. 347, 253 Pac. 626, as follows:

"(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its

falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury."

As is said in the Lightner case, the taking of the ore is of itself a daily false representation that it belongs to defendant; under the Lewey case the latter is bound to know its own lines, and in constructive fraud intent to deceive is not an element. All the other necessary ingredients of actionable fraud may fairly be inferred from the facts set forth in the complaint. This being true, paragraph 711, subdivision 3, *supra,* applied, and the judgment of the superior court of Mohave county is affirmed.

McALISTER, C. J., and ROSS, J., concur.