423 P.2d 150

**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, a corporation, Appellant,**

v.

**Clyde William MARSH, Sr., and Anna Christine Marsh, husband and wife, Appellees.**

**No. 1 CA-CIV 375.**

Court of Appeals of Arizona.

Feb. 3, 1967.

Rehearing Denied Feb. 23, 1967.

Review Denied March 14, 1967.

Gust, Rosenfeld & Divelbess, by Edward L. Morgan and Richard Segal, Phoenix, for appellant.

Riddel & Riddel, by Harold Riddel, Phoenix, for appellees.

DONOFRIO, Judge.

This appeal is from an order of the Superior Court of Maricopa County vacating a May 16, 1963 default judgment against defendants-appellees obtained by plaintiff-appellant in a mortgage foreclosure suit.

Defendants, Mr. and Mrs. Clyde William Marsh, Sr., had purchased the property in question, a home, from their son and daughter-in-law, Mr. and Mrs. Clyde William Marsh, Jr. Mr. and Mrs. Marsh, Jr., were permitted by the parents to continue to live in the home and to make the mortgage payments.

A private process server served the summons and complaint for foreclosure on the persons who were living in the home. The affidavit of service stated that personal service was obtained on Mr. and Mrs. Marsh, Sr., on March 6, 1963, and that service was not made on Mr. and Mrs. Marsh, Jr.

At the hearing on the motion to vacate default judgment, the affidavit of service was in the file. Mr. and Mrs. Marsh, Sr., testified that on March 6, 1963, they were living in Oak Lawn, Illinois, and that they had not been in Arizona between April 1962 and March 1964. The Court found that Mr. and Mrs. Marsh, Sr., had not been served. The motion to vacate was granted.

Plaintiff claims that defendants had actual knowledge of the foreclosure action in July of 1963, a short time after the entry of default judgment in May of 1963, and therefore defendants were barred by laches in not bringing a motion to vacate until September 30, 1965. The case of Preston v. Denkins, 94 Ariz. 214, 382 P.2d 686 (1963), settles this question.

"* * * If the judgment is void for lack of jurisdiction the court has no discretion but must vacate the judgment. * * *

* * * * * *

"* * * The general rule is that mere lapse of time is no bar to an attack on a void default judgment. * * *"

The record shows that defendants had actual notice of the lawsuit in July 1963. The record does not show that they had knowledge of the default judgment or when they acquired knowledge of judgment. There appears to be no reason for deviation from the general rule.

The second question is whether affidavit of service of process can be impeached only by evidence which is corroborated. The plaintiff cites a number of cases from other jurisdictions where corroboration is required. However, the rule in Arizona is that the return of service of process is impeached only by clear and con-

vincing evidence. Whether that level of evidence has been achieved so that the motion to vacate judgment will be granted is for the discretion of the trial court. Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957); Tonelson v. Haines, 2 Ariz. App. 127, 406 P.2d 845 (1965).

Corroborate means to confirm or strengthen, to add weight or credibility. Words and Phrases, "Corroborate".

Clear and convincing is a higher degree of proof than is generally applied in civil cases. Udall: Arizona Law of Evidence § 5. It is used as a standard of evidence in setting aside official acts. McCormick on Evidence § 320.

The two decided Arizona cases and the instant one involve situations where it is the word of the process server against the word of the person alleged to be served. The nature of service of process is such that it often occurs when there are no witnesses except the person being served and the server. The difficulty of proving no service is obvious. We do not believe it is necessary to modify the standard to a particular type of evidence from the rather substantial protection set out by the Arizona Supreme Court in "clear and convincing".

■ Since both the husband and wife testified that they were in Illinois at the time service was alleged, the trial court did not abuse its discretion in vacating default judgment.

Affirmed.

CAMERON, C. J., and STEVENS, J., concur.