NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ROBERT V. WARD; CHRISTA WARD, *Plaintiffs/Appellants*,

*v.*

AAA PHOTO SAFETY, INC, *Defendant/Appellee*.

No. 1 CA-CV 15-0158
FILED 5-5-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2013-011464
The Honorable David O. Cunanan, Judge

**AFFIRMED**

---

APPEARANCES

Robert V. Ward, *Plaintiff/Appellant*, Chandler

And

Robert V. Ward, Attorney at Law, Chandler
By Robert V. Ward
*Counsel for Plaintiffs/Appellants*

The Law Office of JD Dobbins PLLC, Mesa
By Joe D. Dobbins, Jr.
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

**¶1** Robert and Christa Ward ("the Wards"), father and daughter, appeal the trial court's summary judgment in favor of AAA Photo Safety, Inc. ("AAA").

## BACKGROUND[1]

**¶2** The Wards filed a complaint in superior court against AAA alleging that AAA negligently provided its employee, David Dixon, with the wrong address to serve legal process on Christa, and that Dixon served legal process on Christa at Robert's residence even though Robert advised Dixon that Christa did not live at that address. The complaint further alleged that because of Dixon's improper service,[2] a default judgment was

---

[1] "We review a grant of summary judgment de novo, 'viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion.'" *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014) (quoting *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003)).

[2] The declaration of service filed by AAA and signed by Dixon said:

> On Thu, Mar 10 2011 at 05:53 PM I personally served true copies of these documents [summons and complaint] upon the Defendant CHRISTA WARD by leaving true copies at the Defendant's place of Residence with the Defendant(s) co-resident who is of suitable age and discretion and resides therein. The defendant's vehicle, a TOYT, Arizona license 499YXS, was observed at the service address at the time of service. *The described male claimed the defendant did not live at the residence. I pointed out that the vehicle named in the citation was in the driveway, and notified him I would leave the documents. He closed the door and I left the documents at the door.* (emphasis and bracketed material added).

entered against Christa and she was forced to retain counsel to set aside the judgment for lack of service. The complaint finally alleged that Christa and Robert had suffered mental, emotional, and financial injuries as a result.

¶3        AAA filed a motion for summary judgment, claiming first that no duty existed for AAA or Dixon to investigate the address provided them by the Tempe Police Department; second, that AAA and Dixon acted reasonably; and finally, Dixon was an independent contractor and therefore his actions could not be imputed to AAA. The trial court granted AAA's motion for summary judgment but did not specify under which theory or theories it was ruling. The Wards timely appeal, and we have jurisdiction in accordance with Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## ANALYSIS

¶4        Summary judgment is appropriate if the there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). We will affirm a grant of summary judgment if "the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990).

¶5        The Wards present several arguments. First, they allege the trial court erred in granting summary judgment because there was evidence showing a genuine issue of fact regarding AAA's negligence. The Wards also claim the trial court erred because there was a genuine issue of fact and law regarding whether Dixon was an employee or independent contractor. Next, the Wards contend that the trial court erroneously implicitly granted summary judgment based on collateral estoppel. Finally, the Wards assert that the trial court abused its discretion in denying their request for oral argument.

## I.    AAA's Alleged Negligence

¶6        An action for negligence requires a recognized duty, a breach of that duty, and a causal connection between that breach and actual injury or damage. *Shaw v. Petersen*, 169 Ariz. 559, 561 (App. 1991). This court has previously held that a "process server should be held to a degree of liability commensurate with his responsibility and he is liable for negligence in making a false return as well as for the willful making of such return."

*Marsh v. Hawkins*, 7 Ariz. App. 226, 229 (1968). A process server is not, however, "an absolute insurer of the truth of the return." *Id.* (rejecting strict liability for the filing of a false or incorrect affidavit of service).

¶7 The Wards alleged in their complaint that AAA breached its duty by providing Dixon with the wrong address for Christa when a basic investigation would have shown that she did not live there. The Wards also alleged that when Dixon was informed that Christa did not reside at that address, he owed her a duty to investigate further to identify her address, and that Dixon's actions and omissions are imputed to AAA.

¶8 Collateral estoppel bars the Wards' claim that Dixon was negligent. "Collateral estoppel, or issue preclusion, applies when an issue was actually litigated in a previous proceeding, there was a full and fair opportunity to litigate the issue, resolution of the issue was essential to the decision, a valid and final decision on the merits was entered, and there is common identity of parties." *Hullett v. Cousin*, 204 Ariz. 292, 297–98, ¶ 27 (2003).

¶9 Before this action was filed against AAA, the Wards filed a complaint in superior court against Dixon alleging a violation of the Arizona Code of Judicial Administration's provisions governing licensed process servers. The trial court conducted an evidentiary hearing regarding that complaint. On the issue of whether Dixon knew or should have known the falsity of the declaration, the trial court found that Dixon "acted reasonably to make the Municipal Court and Prosecutor aware that Ms. Ward might not reside at the address in question."[3] That proceeding was between the Wards and Dixon (AAA's purported employee), the Wards had a full and fair opportunity to litigate Dixon's actions, the issue of whether Dixon acted reasonably was essential to the decision, and the court made a final decision in Dixon's favor on the merits. The Wards' claim against AAA based on vicarious liability for Dixon's alleged negligence is therefore precluded. *See DeGraff v. Smith*, 62 Ariz. 261, 265–66 (1945) (an employer cannot be held liable for the actions of his employee under *respondeat superior* if such actions were exonerated); *Law v. Verde Valley Med.*

---

[3] The trial court also found that the interchange between Robert and Dixon "was sufficient to alert [Dixon] that the information he had been given might not be correct, but that [Dixon] acted properly by providing cautionary information in his Declaration for the consideration of the Tempe Prosecutor and Court."

*Ctr.*, 217 Ariz. 92, 94–96, ¶¶ 8–13 (App. 2007) (discussing and applying principles from *DeGraff*).

**¶10**  The Wards also contend that AAA was independently negligent for providing Dixon with the wrong address. When the law imposes a duty upon a party because of his specialized profession or occupation, the standard of care and breach thereof must be established by the evidence. *See Powder Horn Nursery, Inc. v. Soil & Plant Laboratory, Inc.*, 119 Ariz. 78, 83 (App. 1978).

**¶11**  The Wards presented such minimal evidence of the standard of care, or AAA's breach thereof, that a reasonable jury could not have found liability. *See Gipson v. Kasey*, 214 Ariz. 141, 143 n.1, ¶ 9 (2007) ("summary judgment may be appropriate if no reasonable juror could conclude that the standard of care was breached"). The record shows that AAA received the address from Redflex, a company that contracted with the City of Tempe to detect and report speeding and red light violations. Redflex received the citation and information from the Tempe Police Department and passed it on to AAA for service of process with the address and picture pre-populated on the citation. Redflex is not a party to this appeal and AAA was not contractually responsible for investigating or obtaining the name or address of the individual to be served. The Wards did not therefore produce evidence of the standard of care nor a breach thereof on the part of AAA to obtain or research the address of the individual to be served.

**¶12**  The Wards submitted an affidavit from Ronald Ezell,[4] a service of process expert, in which Ezell said the declaration filed by AAA without Dixon's review was technically from AAA, not Dixon, and that Dixon failed to make an independent confirmation of Christa's residence.[5]

---

[4] AAA argues in its reply that the affidavit from Ezell was produced after the close of discovery and should not be considered. Whether or not it was properly considered, however, does not affect our analysis.

[5] Ezell's affidavit states:

> [T]he Declaration of Service is invalid and should not have been filed with the Tempe Municipal Court for two principal reasons, a) the Declaration was prepared by AAA Photo Safety, Inc, and submitted to the Court without the process

The ruling dismissing the administrative complaint against Dixon, however, makes it clear that Dixon was reasonable in assuming the address he was given was Christa's because the vehicle she had been driving at the time of the violation was parked in Robert's driveway, and AAA had no reason to believe otherwise based on Dixon's report.

**¶13**    Finally, the *Marsh* opinion imposes a duty on a process server to avoid negligently or willfully filing a false return. 7 Ariz. App. at 229. The return authored by Dixon and filed by AAA explained the encounter with Mr. Ward and was neither negligently nor willfully false.

**¶14**    On this record and for these reasons, the trial court did not err in granting summary judgment in favor of AAA on the Wards' claims of negligence.

## II.    Oral Argument

**¶15**    The Wards also assert that the trial court abused its discretion when it declined to grant their request for oral argument. They allege that "failure of the court to grant oral argument was prejudicial because it prevented [the Wards] from providing additional argument, clarification and persuasion." The Wards do not provide any detail as to what such "argument, clarification and persuasion" would have been.

**¶16**    There is no automatic right to oral argument on motions for summary judgment. Furthermore, Rule 7.1(c)(2) of the Arizona Rules of Civil Procedure gives a trial court discretion to "expedite its business" by making determinations on motions without holding oral argument. The Wards were therefore not entitled to oral argument on AAA's motion.

---

server's review as pursuant to the transcript prepared by AVTRANZ, and therefore, not a Declaration of Service from the process server but from the company, and b) the process server failed to make any independent confirmation of "the Defendant's place of Residence", by contacting a neighbor or otherwise, after the "described (adult) male claimed the defendant did not live at the residence".

Undisputed evidence shows that Dixon did not merely leave the papers at the home but had independently verified that the vehicle Christa was driving when photographed by the traffic camera was parked in the driveway.

**ATTORNEY FEES**

**¶17** AAA requests attorney fees under A.R.S. § 12-349(A)(3), asserting the Wards unreasonably expanded the scope of litigation by appealing. Under § 12-349(A)(3) a court may award reasonable attorney fees if a party "[u]nreasonably expands or delays the proceeding." Although we have not found the Wards' claims to be persuasive, neither do we conclude that the Wards have unreasonably expanded or delayed the proceeding by asserting this appeal. We therefore decline to award attorney fees under A.R.S. § 12-349(A)(3). AAA is entitled to an award of its taxable costs on appeal, upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶18** For the foregoing reasons, we affirm the judgment of the trial court in favor of AAA.



Ruth A. Willingham · Clerk of the Court
FILED: ama